UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANGELA NAILS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV423-169 |
| | ) |
| SEDGWICK CLAIMS | ) |
| MANAGEMENT SERVICES, INC. | ) |
| and EMPLOYEE JOHNSON, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Angela Nails filed this case against Defendants Sedgwick Claims Management Services, Inc. ("Sedgwick") and "Employee Johnson" in the United States District Court for the Eastern District of Kentucky. Doc. 1. She moved to proceed *in forma pauperis* ("IFP"). The Eastern District of Kentucky *sua sponte* transferred it to this District. Doc. 6. Pursuant to filing restrictions imposed against Nails in this District, *see Nails v. Davis*, CV422-110, doc. 15-1 at 3-5 (S.D. Ga. July 11, 2022), the Clerk did not initially assign it a civil action number. *See In re: Nails*, MC422-007, doc. 5 (S.D. Ga. May 16, 2023). However, after Defendants appeared and moved to dismiss the case, docs. 9 & 10, the presiding

1

District Judge[1] directed the Clerk to assign the case a civil action number and ordered that all pending claims and motions be referred to the assigned magistrate judge "and subjected to review in the normal course." Doc. 13.[2] Before the Court had an opportunity to do so, Nails filed another Motion to Proceed IFP. Doc. 14. Sedgwick then moved to stay these proceedings pending the resolution of its motion to dismiss. Doc. 20.

Nails has a "history of vexatious and frivolous litigation in this Court and in others." *Nails v. Davis*, CV422-110, doc. 15-1 at 3 (S.D. Ga. July 11, 2022). Some of her prior cases were dismissed because of her continued refusal to provide the information required for the Court to consider whether she is entitled to proceed IFP. *See, e.g., Nails v. Savanah Plastic Surgery*, CV421-153, doc. 15 (S.D. Ga. June 24, 2021). She has continued that pattern here. *See* doc. 14 at 2-3. In response to

---

[1] The Honorable William T. Moore, Jr. directed the Clerk to assign this case a civil action number. *See* doc. 13. The case was subsequently reassigned to the Honorable R. Stan Baker. *See* doc. 17.

[2] In entering filing restrictions against Nails, the Court previously determined that, "[i]n any case approved for filing, [Nails] must post a $1,000 contempt bond with the Clerk of Court." CV422-110, doc. 15-1 at 3. She has not yet done so here. *See generally* docket. Therefore, should the District Judge decline to adopt this dismissal recommendation, Nails should be directed to post the required contempt bond consistent with that prior Order. This should be in addition to the payment of the filing fee, since she is not entitled to proceed IFP, as discussed below.

questions about her financial assets, she indicates that she is "Excempt" from providing the information.[3] *Id.* Adding to the Court's concern, her two pending IFP applications reveal total monthly expenses that differ by about $650. *Compare* doc. 5 at 2 (disclosing monthly expenses of "$850.00 give or take") *with* doc. 14 at 5 (disclosing total monthly expenses of $1,504.12). Nevertheless, a review of both applications, incomplete and inconsistent though they are, reveals that Nails is not indigent. The applications consistently disclose available cash totaling $500. *See* doc. 5 at 2; doc. 14 at 2. In both, she discloses monthly income greater than her monthly expenses. *See* doc. 5 at 1-2 (disclosing monthly income of $1,414.92 and monthly expenses of $850); doc. 14 at 2, 5 (disclosing monthly income of $1,592 and monthly expenses of $1,504.12).

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact

---

[3] Nails has tried to assert various exemptions in prior IFP applications, too. *See, e.g.*, CV421-153, doc. 10 at 2 (S.D. Ga. June 1, 2021). Her refusal to provide the requested information has resulted in dismissal in the past. *See* CV421-153, doc. 15 (S.D. Ga. June 24, 2021). When she appealed that dismissal, the Eleventh Circuit denied her leave to proceed *in forma pauperis* on appeal because "any appeal . . . would be frivolous." CV421-153, doc. 22 (11th Cir. Feb. 8, 2022). Her continued assertion that she is "excempt" from providing the information required to proceed IFP, despite this Court and the Eleventh Circuit telling her otherwise, is yet another indication that she is incapable of litigating her claims in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

that financing her own litigation may cause some difficulty is not sufficient to relieve a plaintiff of her obligation to pay her own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "may authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Given that it appears that Nails has

sufficient funds available to pay the Court's filing fee, her applications to proceed in forma pauperis should be **DENIED**. Docs. 5, 14.

Ordinarily, a plaintiff denied IFP status is afforded an opportunity to pay the filing fee. *See* S.D. Ga. L. Civ. R. 4.2(2). That opportunity would be futile here because, consistent with all of her prior attempts to litigate claims in this Court, Nails' case is subject to dismissal. Defendants' Motion to Dismiss raises several fatal defects in her claims. Doc. 10.[4] First, they argue that she has failed to state a claim upon which relief may be granted. *Id.* at 7-8. Next, they challenge service. *Id.* at 8-9. Finally, they contest this Court's jurisdiction. *Id.* at 9. Nails did not respond to any of Defendants' arguments. *See generally* docket.

Because jurisdiction is a threshold issue, the Court addresses that argument first. "Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[4] On the same day, Defendants filed two versions of their Motion to Dismiss. Docs. 9 & 10. Because the arguments appear identical, *compare* doc. 9 at 5-9 *with* doc. 10 at 5-9, it appears that Defendants intended for the later-filed Motion to replace the original. The Clerk is, therefore, **DIRECTED** to **TERMINATE** the original Motion to Dismiss as **MOOT**. Doc. 9.

5

Plaintiff bears the burden of pleading the grounds on which the Court might assert jurisdiction over the asserted claims. Fed. R. Civ. P. 8(a)(1); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) ("The plaintiff[ ], as the party asserting diversity jurisdiction, [has] the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" (quoting *Taylor v. Appelton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Defendants argue that Plaintiff has not carried this burden. Doc. 10 at 9. They are right.

The Court's jurisdiction can be established either because the complaint presents a federal question, 28 U.S.C. § 1331, or by the diversity of the parties, 28 U.S.C. § 1332(a). Plaintiff has offered no indication as to which type of subject matter jurisdiction she asserts in this case, so the Court will consider whether she meets the requirements of either. Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C.

§ 1331. When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). Plaintiff has pointed to no federal statute or Constitutional provision that creates a cause of action in this case. Even adopting a liberal reading of her Complaint, the Court cannot discern any federal statute that might be invoked by the alleged facts. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers (internal quotations omitted)). Plaintiff, therefore, has not adequately pleaded federal question jurisdiction.

In the absence of a federal question, the Court's subject matter jurisdiction might be drawn from the diversity of the parties. 28 U.S.C. § 1332. In order to establish diversity jurisdiction before the federal courts, a plaintiff must allege that all parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Typically, the Court will accept a damage claim offered by a party in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303

U.S. 283, 288–89 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). In this case, the Court cannot accept that plaintiff's demand, for $1,000,000.00 in damages for an altercation with a store employee, is made in good faith. *See id.* at 289 (When considering whether a purported damages amount is made in good faith, the Court must determine to "legal certainty that the claim is really for less than the jurisdictional amount."). Plaintiff's statement of the damages does not appear to be based on her injury at all, but upon her speculation as to the limits of an insurance policy. *See* doc. 1 at 3 ("The defendant liability insurance policy pays more than damages up to 1 million dollars. The Plaintiff asks the Court to honor the face value of the liability insurance for each section to pay out the face value of the liability insurance policy.").

Along with her failure to allege, in good faith, an amount in controversy sufficient to satisfy the standard, plaintiff has also not alleged complete diversity of the parties. Diversity jurisdiction requires that "no defendant . . . be a citizen of the same state as any plaintiff."

*MacGinnitie v. Hobbs Grp.*, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing, *inter alia*, 28 U.S.C. § 1332). Plaintiff's Complaint is silent as to the citizenship of the parties. *See generally* doc. 1. The only address provided for "Defendant" is a Savannah, Georgia address. *Id.* at 3. Plaintiff appears to be a resident of Savannah, Georgia. *Id.* at 4. Plaintiff has not carried her burden of showing that diversity jurisdiction exists, even after Defendants raised the issue in their Motion to Dismiss.

Plaintiff is already aware that this Court, and indeed any federal court, must have subject-matter jurisdiction to consider her claims. The filing restrictions against her were imposed, in part, because she continued to file cases, apparently "at the slightest inconvenience," without alleging a basis for this Court's jurisdiction. *Nails v. Davis*, CV422-110, doc. 8 at 7-9 (S.D. Ga. May 9, 2022) (collecting cases), *adopted* doc. 15 (S.D. Ga. July 11, 2022). She has been warned in at least five cases that failure to allege this Court's jurisdiction is fatal. CV421-153, doc. 6 at 1-5 (S.D. Ga. May 21, 2021) (explaining the requirements of subject matter jurisdiction); *Nails v. City Chatham Cnty. Tax Comm'n*, CV421-033, doc. 6 (S.D. Ga. June 2, 2021) *adopted* doc. 8 (S.D. Ga. June 14, 2021) (dismissing complaint for failure to establish jurisdiction);

9

*Nails v. Hilliard*, CV421-364, doc. 6 at 2-5 (S.D. Ga. Feb. 10, 2022) (explaining the requirements of subject matter jurisdiction); *Nails v. FNU LNU*, CV422-103, doc. 13 at 3 (S.D. Ga. May 2, 2022) (dismissing case after finding that Nails did not provide a "sufficient, non-frivolous basis" for the Court to exercise subject matter jurisdiction); CV422-110, doc. 15-1 (S.D. Ga. July 11, 2022) (dismissing case for failure to establish jurisdiction and imposing filing restrictions). Despite the numerous, clear instructions to her over the last several years explaining the scope of federal jurisdiction and her burden as the Plaintiff to assert it, she still filed a lawsuit in a federal court that failed to even hint at her theory of subject matter jurisdiction. *See generally* doc. 1.[5]

Because it appears that Defendant's Motion to Dismiss is due to be granted and Nails' case dismissed for her failure to allege subject matter jurisdiction, any opportunity to pay the filing fee would be futile. Ordinarily, a *pro se* litigant must be given an opportunity to amend. *See*

---

[5] The Court notes that Nails filed this case in the Eastern District of Kentucky even though the events alleged occurred in Savannah, Georgia, and the address provided for the Defendant is a Savannah, Georgia address. *See generally* doc. 1. The Court could, therefore, reasonably conclude that she chose to file it in the wrong venue to avoid the filing restrictions entered against her in this Court. She is warned that attempts to evade this Court's restrictions against her by filing elsewhere will not be tolerated.

10

*Woldeab v. Dekalb Cnty. Bd. of Ed.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Here, any opportunity to amend would also be futile. Nails has proven, again and again, that she is incapable of following this Court's instructions. *See, e.g.*, CV422-110, doc. 8 at 6-10 (S.D. Ga. May 9, 2022). In this case, even after the Defendants raised the familiar argument that she failed to plead subject matter jurisdiction, she did not respond and made no effort to amend her claim to cure her deficiency. Because her request to proceed IFP is due to be denied, because both her IFP application and her failure to allege federal subject matter jurisdiction continue her past practices of vexatious conduct, and because she failed to respond, in any way, to the Defendants arguments for dismissal, her case should be **DISMISSED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for

additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Defendant Sedgwick has also moved to stay these proceedings pending the Court's ruling on the Motion to Dismiss. Doc. 20. Nails did not file any opposition. *See generally* docket. Considering the recommendation above, the Court finds good cause to stay this case pending the District Judge's final disposition of the Report and Recommendation. The Motion to Stay is, therefore, **GRANTED**. Doc.

20. This case is **STAYED** pending the District Judge's consideration of this Report and Recommendation.

      **SO ORDERED AND REPORTED AND RECOMMENDED**, this 16th day of January, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA