IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANGELA NAILS,

    Plaintiff,

v.

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.; and EMPLOYEE
JOHNSON,

    Defendants.

CIVIL ACTION NO.: 4:23-cv-169

## O R D E R

This case was dismissed on February 5, 2024, when the Court adopted the Magistrate Judge's Report and Recommendation, to which no party filed any objections during its twenty-day pendency. (See docs. 25, 27.) Judgment was entered on February 6, 2024, and the case was closed. (Doc. 28.) That same day, Plaintiff, who is proceeding *pro se* but is not incarcerated, filed a "Motion for Zoom Mediation," which states simply that "[t]he Plaintiff Angela Nails asks the Court to set mediation and pay for the cost for the parties to Mediation [sic] by Zoom medication [sic] March 1, 2024 @ 1:00 p.m. E.T." (Doc. 29.) One week later, on February 13, 2024, Plaintiff filed "Objections," in which she purports to object to the Court's February 5, 2024, Order (adopting the Report and Recommendation). (Doc. 30.) Therein, she claims it is unclear to her why the Court dismissed her case and she objects to the denial of her request for *in forma pauperis* ("IFP") status. (Id.) Finally, on March 26, 2024, Plaintiff filed a document entitled "Case Transfer," where she notes that this case was transferred to this Court from the

Eastern District of Kentucky and argues that the case "needs to be reopened on behalf of Plaintiff and the misunderstanding of both parties in the case." (Doc. 33.)

Defendant Sedgwick Claims Management Services, Inc., has filed a response in opposition to all three of Plaintiff's post-judgment filings, emphasizing that the case is closed and that Plaintiff has not provided support for any of her requests. (Docs. 31, 32 & 34.) It also denies that it has in any way misunderstood any issue. (Doc. 34, p. 1.)

All of Plaintiff's filings were submitted after the Court dismissed the case. Nonetheless, the Court has reviewed the filings and observes no basis for reopening or reinstating the case. See Fed. R. Civ. P. 60(b) (permitting a party to seek relief from a final judgment, order, or proceeding under a limited set of grounds, including, mistake, inadvertence, surprise, excusable neglect, fraud, or exceptional circumstances). The Magistrate Judge's Report and Recommendation, after providing a clear and thorough analysis on the topic, ultimately determined that the Court lacked subject matter jurisdiction over the case. (Doc. 25, pp. 5–10.) The Magistrate Judge also provided ample support for the denial of IFP status to Plaintiff. (See id. at pp. 2–5.) Accordingly, the Court **DENIES** Plaintiff's requests for relief in her post-judgment filings. (Docs. 29, 30 & 33.) This case **REMAINS CLOSED**.

**SO ORDERED** this 4th day of April, 2024.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA